# SETTLEMENT AGREEMENT

This Settlement Agreement dated as of February 3, 2022 (the "Agreement"), is made by and between **SAVINO DEL BENE U.S.A., INC.** ("Savino") and **DHRUDHRA HOLDINGS INCORPORATED** ("Dhrudhra") (collectively the "Parties").

**WHEREAS**, on or about August 11, 2021, Savino commenced an action against Dhrudhra in the United States District Court for the Southern District of New York, captioned Savino Del Bene U.S.A., Inc. v. Dhrudhra Holdings Incorporated, Docket No. 21-cv-6783 (PAE) (the "Action"), asserting breach of contract claims relating to unpaid invoices for shipping and other services Savino provided to Dhrudhra;

**WHEREAS**, on February 3, 2022 the Parties appeared before United States Magistrate Judge Parker in a mediation in the Action and the Parties agreed at that time to settle and dispose of any and all claims between them relating to the unpaid invoices which were the subject of the Action, the terms of which were set forth in a Settlement Agreement Term Sheet prepared by the Court and agreed to by counsel for the parties, subject to a written settlement agreement and separate personal guarantee by Mr. Venkat Are;

**NOW, THEREFORE**, in consideration of the foregoing and of mutual promises, covenants, undertakings, and conditions set forth herein, and for value received, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Dhrudhra will pay a total of $30,000.00 to Savino (the "Settlement Amount") by no later than June 15, 2022, in full and final settlement of this Action. The Settlement Amount will be paid by wire transfer (free of all bank charges) to the following account:

   Beneficiary: Savino Del Bene USA Inc
   Name of Bank: Fifth Third Bank
   Account Number: ▓▓▓▓▓▓
   Bank Address: 800 W Madison, Chicago, IL 60607
   ABA Number: ▓▓▓▓▓▓
   SWIFT/BIC: ▓▓▓▓▓▓

2. Venkat Are shall personally guaranty payment of the Settlement Amount and shall concurrently sign a guaranty agreement (the "Guarantee").

3. Each party shall bear its own legal fees and costs.

4. Upon receipt of the Settlement Amount, Savino forever releases and discharges any actions, claims, rights, and demands that it raised, or that it could have raised, against Dhrudhra

in the Action pertaining to the unpaid invoices attached to Savino's complaint therein, except such rights or claims which may be created by this Agreement.

5. Dhrudhra forever releases and discharges any actions, claims, rights, and demands that it raised, or that it could have raised, Savino in the Action pertaining to the unpaid invoices attached to Savino's complaint therein, except such rights or claims which may be created by this Agreement.

6. The laws of the State of New York shall govern the validity, enforcement, and interpretation of this Agreement.

7. The exclusive forum for any dispute is the U.S. District Court for the Southern District of New York or, if that court lacks subject matter jurisdiction, then New York Supreme Court in New York County. Each of the Parties agree to submit to the jurisdiction of either court in connection with any action concerning the validity, enforcement and interpretation of this Agreement. The Parties hereby irrevocably consent to the service of process in any suit, action or proceeding relating to this Agreement in the aforesaid federal or state courts in New York by the mailing of such process by registered or certified mail, postage prepaid, to their respective New York counsel representing each of them in connection with the preparation of this Agreement. The Parties hereby irrevocably waive any objection that they may now or hereafter have to the laying of venue of any suit, action or proceeding arising out of or relating to this Agreement in any of the aforesaid courts in New York and hereby further irrevocably waive any claim that any such suit, action or proceeding has been brought in an inconvenient forum.

8. This Agreement may be executed in counterpart originals, all of which when taken together shall constitute one and the same document. This Agreement may be executed by facsimile or electronic signature

9.. This Agreement may not be modified except in writing signed by the Parties.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed by their duly authorized officers on the date first written above.

SAVINO DEL BENE U.S.A., INC

BY: _____
ITS: _____C E O_____

DHRUDHRA HOLDINGS INCORPORATED

BY: _____
ITS: _____C.E.O_____

SO ORDERED:

_____
Paul A. Engelmayer
United States District Judge

3